UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

                                        Case No. 16-20062-BKC-AJC

FRANCISCO J MESTRE and
MARIA E MESTRE;                      Chapter 7

      Debtor(s).           /

**TRUSTEE'S OBJECTION TO THE DEBTORS' CLAIMED
EXEMPTIONS AND MOTION FOR TURNOVER**

      JACQUELINE CALDERIN, Chapter 7 Trustee, (the "Trustee") respectfully moves this Court, pursuant to Rules 4003 and 9006(b) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §,§ 521, 522, 541, and 542, and files this *Objection to Debtors' Claimed Exemptions and Motion for Turnover* (the "Objection") for the personal property claimed exempt by the Debtors, and in support thereof, states as follows:

      1.      This matter was initiated by the Debtors, Marcelo R Coppola and Alejandra L Luna (the "Debtors") with the filing of a Voluntary Petition for relief under Chapter 13, of the Bankruptcy Code in this Court [ECF #1].

      2.      On September 8, 2016 the court entered an Order Upon Conversion of Case Under Chapter 13 to Case Under Chapter 7 by the Debtor [ECF #28].

      3.      The § 341 Meeting of Creditors was set for October 5, 2016 but was rescheduled to October 20, 2016 and again to November 8, 2016 where it was held and concluded [ECF #39, 40 & 41].

      4.      Schedule A/B of Debtors' bankruptcy petition [ECF #11] reflects personal property listed with an aggregate value that exceeds allowed exemptions under Florida law.

5. Pursuant to Florida Law, each Debtor is entitled to exempt property with a value of up to $1,000.00 plus $1,000 for a motor vehicle if the Debtors are claiming a homestead exemption. If the Debtors are not claiming a homestead exemption, then each Debtors may claim an additional $4,000 of exemptions in personal property.

6. The Debtors have claimed their home exempt.

7. Accordingly, the Trustee believes the Debtors have exceeded allowed claimed exemptions, the value of which should be turned over to the Trustee for the benefit of creditors.

8. Therefore, the Trustee objects to the Debtors' claimed exemptions and turnover of the non-exempt value of the property listed on Schedule B.

**WHEREFORE,** the Trustee respectfully requests an Order: (a) sustaining the Trustee's objection to the Debtors' claimed exemptions; (b) directing the Debtors to turnover property that exceeds the amount of the allowed exemptions; and (c) granting such other relief as the Court deems just and proper.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case and via U.S. Mail to the parties listed on the Service List below on December 8, 2016.

/s/ Jacqueline Calderin
**JACQUELINE CALDERIN**
*Chapter 7 Trustee*
247 SW 8th Street, #880
Miami, Florida 33130
T 786.369.8440

2

F 786.369.8523
calderintrustee@gmail.com

**<u>Via U.S. Mail</u>**:
Francisco & Maria Mestre
6310 SW 90 Ct
Miami, FL 33173